
FILED

Aug 14 2025, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Christine Brane,

*Appellant-Petitioner*

v.

Scott Clupper,

*Appellee-Respondent*

---

August 14, 2025

Court of Appeals Case No.
25A-EU-18

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1005-EU-46

---

**Opinion by Judge Mathias**
Judges May and Bradford concur.

**Mathias, Judge.**

[1] Christine Brane appeals the Grant Superior Court's order denying her petition to reopen the Estate of George D. Akers ("the Akers Estate"). Brane presents one issue for our review, namely, whether the trial court erred when it found that her petition to reopen the Akers Estate was time-barred.

[2] We affirm.

## Facts and Procedural History

[3] In 2010, Brane's uncle, George Akers ("Akers"), was murdered. Among the suspects was Brane's father, George Clupper ("George"). But charges were never brought against George, and no one was ever convicted of Akers's murder. George was the sole heir to Akers's estate, and he inherited Akers's 104-acre farm.

[4] On February 26, 2023, George died. In his will, George purportedly gave his son Scott Clupper ("Scott") the right to buy the Akers farm for $325,000,[1] which was well below the fair market value at that time. George also gave Brane and each of her siblings twenty-five percent of the residue of the estate. George appointed Scott and Brane's sister Debra Kuhn as personal representatives of his will.

---

[1] Brane has challenged this interpretation of George's will. For purposes of this appeal, we need not resolve this issue.

[5] On July 27, Brane filed a petition for the court to order an appraisal of the Akers farm. Brane argued that Scott had to pay the fair market value of the farm, not $325,000, under the terms of George's will. Brane ultimately obtained an appraisal in November valuing the farm at $960,000. While Brane's claim on this issue was pending, in January 2024, Brane asserted a new claim that George had murdered Akers and was, therefore, barred from inheriting the Akers farm under the so-called Slayer's Rule, Indiana Code section 29-1-2-12.1.[2] The trial court denied Brane's claim and ordered her to file her claim with the court in the Akers Estate.

[6] Accordingly, in April, Brane filed a petition to reopen the Akers Estate in order to assert her claim that George was barred from inheriting from Akers because George had murdered him. Following a hearing, in July the trial court denied Brane's petition. The court found in relevant part that her claim was barred by two statutes of limitation. The court clerk did not send a copy of the order to Brane.

[7] In October, Brane filed a Trial Rule 60(B) motion to set aside the July order and asked the trial court for a thirty-day extension of time to file a notice of appeal. Following a hearing, the trial court treated Brane's motion as a Trial Rule 72

---

[2] Brane has not made any suggestion that new evidence led her, all these years later, to suspect that George had murdered Akers. Rather, the evidence suggests that Brane has learned no new information since Akers's murder. Thus, Brane makes no argument that the discovery rule applies here.

motion and extended the deadline for Brane to file a motion to correct error. Brane filed that motion, which the trial court denied. This appeal ensued.

## Discussion and Decision

[8] Brane contends that the trial court erred when it concluded that her petition to reopen the estate is barred by the six-year statute of limitations for fraud claims. Brane's sole contention on appeal is that there is *no* statute of limitations applicable to claims brought under the Slayer's Rule. A court's determination of when a cause of action accrues under a particular statute of limitations is a question of law reviewed de novo. *See Blair v. EMC Mortg., LLC*, 139 N.E.3d 705, 708 (Ind. 2020).

[9] Initially, we note that Brane does not support her argument on appeal with citations to the record, which is in violation of Indiana Appellate Rule 46(A)(8)(a). In addition, the trial court found that her petition was barred under two statutes of limitation, and Brane only challenges the trial court's conclusion that it is barred under Indiana Code section 34-11-2-7 (fraud). Brane ignores the trial court's alternative conclusion that her petition is barred under Indiana Code section 29-1-7.5-7 (claims against distributees). Because of Brane's failure to address both independent bases for the trial court's determination, she has waived for appeal the issue of the applicability of the statute of limitation for claims against distributees.

[10] Waiver notwithstanding, Brane generally asserts, without citation to relevant authority or legal analysis, that, because there is no statute of limitations for

murder, there is also no statute of limitations applicable to her claim under the Slayer's Rule. Without any cogent argument in support of her bare assertion, we are not persuaded. There is simply no basis to apply Indiana Code section 35-41-4-2(d), which allows a *prosecution* for murder to commence "at any time," to Brane's civil petition to reopen the Akers Estate. And Brane makes no other argument to show that her petition to reopen the estate was timely filed. Accordingly, we affirm the trial court's order denying Brane's petition.

Affirmed.


May, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Donald K. McClellan
McClellan & McClellan
Muncie, Indiana


ATTORNEYS FOR APPELLEE

John A. Cremer
Jonathan E. Lamb
Kaleb A. Salisbury
Cremer & Lamb
Fishers, Indiana